[No. 2151]

STATE OF NEVADA, RESPONDENT v..JOHN CLANCY, APPELLANT.

[147 Pac. 449]

1. CRIMINAL LAW—INSANITY—BURDEN OF PROOF—INSTRUCTIONS.

Instructions that the law presumes every man sane until the contrary is shown by evidence, and that before accused can be excused on the ground of insanity the jury must find that he was without sufficient reason to know what he was doing, or that as a result of mental unsoundness he had not sufficient will power to govern his action, and that as the law presumes a man to be sane until the contrary is shown, the burden of proving insanity is on the accused to establish by preponderance of the evidence, and if the jury believe beyond a reasonable doubt that accused at the time of committing the act could distinguish right from wrong, he cannot be acquitted on the ground of insanity, are sufficiently favorable to accused.

2. CRIMINAL LAW—TRIAL—MISCONDUCT OF PROSECUTING ATTORNEY—INSTRUCTIONS.

Misconduct of the district attorney in attempting to bring before the jury the fact that accused on trial for a felony had been convicted of a misdemeanor, was not reversible error, where the court directed the jury to disregard any evidence on that subject.

3. CRIMINAL LAW—TRIAL—MISCONDUCT OF PROSECUTING ATTORNEY—INSTRUCTIONS.

The argument of the district attorney in commenting on the defense of insanity that, "if jurors are going to acquit men on such statements as made by accused, the courts may as well be dissolved," though improper, does not require a reversal, where the court charged that the jury are the sole judges of the credibility of the witnesses and of the weight to be given to their testimony.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran*, Judge.

John Clancy was convicted of robbery, and he appeals.
**Affirmed.**

*Fred B. Hart,* for Appellant.

*Geo. B. Thatcher,* Attorney-General, for Respondent.

By the Court, NORCROSS, C. J.:

Appellant was convicted of robbery in the Second
judicial district court in and for the county of Washoe,
and he appeals.

[1] At the trial the defendant interposed the defense
of insanity and assigns error in the giving of the following
instructions:

"You are instructed that the law presumes every man
sane until the contrary is shown by the evidence, and
before the defendant can be excused on the ground of
insanity the jury must believe from the evidence that
the defendant at the time of the commission of the crime
was without sufficient reason to know what he was doing,
or that, as the result of mental unsoundness, he had not
sufficient will power to govern his action by reason of
some insane impulse which he could not resist or control.
You are instructed that every man is presumed to be
sane and to intend the natural and usual consequences
of his own acts. As the law presumes a man to be sane
until the contrary is shown, I charge you that the bur-
den of proving insanity as a defense to a crime is upon
the defendant to establish by a preponderance of the
evidence, and unless insanity is established by a prepon-
derance of the evidence the presumption of sanity should
prevail."

In addition to the foregoing instructions and in addition
to an instruction upon the law of insanity given at the
request of the defendant, the following instruction was
given:

"If you believe from the evidence, beyond a reasonable
doubt, that at the time of doing the alleged act, the defen-
dant was able to distinguish right from wrong, then you
cannot acquit him on the ground of insanity."

It is contended by counsel for appellant that the court erred in instructing the jury to the effect that the burden of proving insanity as a defense was upon the defendant, and that the presumption of innocence should prevail unless such defense was established by a preponderance of the evidence."

We think no good purposes can be served at this time by again considering the divergent rules prevailing in various jurisdictions as to the degree of proof required of a defendant where the defense of insanity is interposed. The question was adverted to at some length in the recent case of *State* v. *Nelson,* 36 Nev. 403. In that case, after considering the rule stated in *State* v. *Lewis,* 20 Nev. 334, we said: "We see no good reason at this time for changing the rule." The instructions complained of are supported by the decisions of this court in the Lewis and Nelson cases.

The instruction last quoted, *supra,* virtually directed the jury to give the defendant the benefit of the doubt upon the issue of sanity and was more favorable to the defendant than the rule announced in the Lewis case warrants.

[2] Upon cross-examination, the defendant was asked, without objection, where he was and what he had been doing during a considerable period of time that he had testified he was residing within the state. He was finally asked where he was during the months from October to February, to which objection was interposed and overruled. He answered: "I was locked up, sir, for drinking with an Indian." A motion to strike the question and answer was denied, to which exception was taken, and the conduct of the district attorney assigned as error.

The defendant was then asked if he had ever been convicted of any crime, to which he replied, "I never was, sir."

Defendant was then asked if he had not been convicted in the federal court at Carson City of the crime of selling liquor to an Indian and sentenced to the county jail. Objection to this question was sustained, as was also an

objection to an attempt by the district attorney to prove such conviction by record evidence. Subsequently the jury was instructed to disregard any evidence offered and objected to, wherein the objection to its introduction was sustained.

It was unquestionably improper for the district attorney to attempt to bring to the attention of the jury the fact, if it be a fact, of defendant's conviction of a misdemeanor; but we think, in view of the ruling and instructions of the court, that the impropriety of attempting to get such fact before the jury was not so gross as to constitute reversible error.

[3] In commenting upon the testimony of the defendant relative to his alleged insanity at the time of the commission of the offense, the district attorney said: "I say, if jurors in this country are going to acquit men on such statements as that, then our courts may as well be dissolved." This statement is assigned as error—constituting misconduct upon the part of the district attorney.

The remarks of the district attorney complained of, while subject to criticism, do not, we think, amount to such misconduct as to justify a reversal in this case. A good deal of latitude is allowed counsel upon both sides in the presentation of their arguments to the jury. Probably in the great majority of cases counsel upon one or both sides overstep the bounds of legitimate argument, and it must be conceded that it too frequently happens that prosecuting attorneys so far forget their duty to the defendant as to compel reversals of cases in the interest of substantial justice. Nevertheless, some allowance must be made for the intelligence of jurors not to be misled by the misguided zeal of counsel. The jurymen in this case were instructed that they were the sole judges of the credibility of the witnesses and of the weight to be given to their testimony, and we must assume that they gave heed to this instruction. In any case, whether remarks of the prosecuting attorney in argument amount to reversible error, depends somewhat upon the whole record in the case. This point is well illustrated by the recent decision

of the Court of Appeals of California in *People* v. *Hail,* 143 Pac. 803.

In the recent case of *State* v. *Scott,* 37 Nev. 412, 142 Pac. 1053, 1060, we took occasion to comment upon the legitimate province of prosecuting attorneys in criminal cases, and we conclude this branch of the case by commending the remarks of the court in that case to the careful perusal of prosecuting attorneys.

A number of other assignments of error are discussed in the briefs, but we think it unnecessary to determine them, for, if conceded to be error, they would not justify a reversal of the case. Upon the material facts, outside of the question of defendant's sanity, the evidence is not conflicting. The other alleged errors could not materially affect defendant's defense of insanity.

The judgment is affirmed.